UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

MICHAEL T. COFFEY,

Plaintiff,

v.

MICHAEL ASTRUE,

Defendant.

No. C 11-01380 LB

**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**

[ECF No. 35]

## INTRODUCTION

Plaintiff Michael Coffey filed this action seeking judicial review of a final decision by Defendant Michael Astrue, the Commissioner of Social Security Administration ("SSA"), denying him Social Security Income ("SSI") disability benefits for his claimed disability of sleep apnea and Restless Leg Syndrome ("RLS"). Complaint, ECF No. 1.[1] The Administrative Law Judge ("ALJ") rejected the diagnoses of sleep apnea and RLS as severe impairments, and denied Social Security Income ("SSI") disability benefits. Administrative Record ("AR") 22. Both parties moved for summary judgment. *See* Pl.'s Mot., ECF No. 20; Def.'s Cross-Mot. and Opp'n, ECF No. 22.

On September 28, 2012, the court granted in part Mr. Coffey's motion, denied Defendant's motion, and remanded the action back to the SSA "for further proceedings to determine Mr.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01380 LB (ORDER)

1  Coffey's residual functional capacity and whether there are jobs in the national economy that Mr.
2  Coffey can do." Summary Judgment Order, ECF No. 32 at 24. Mr. Coffey now moves to recover
3  his attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Motion
4  for Fees ("Motion"), ECF No. 35. Upon consideration of the papers submitted and the applicable
5  legal authority, the court **GRANTS IN PART** Mr. Coffey's motion as follows and orders fees in the
6  amount of $5,203.80.[2]

## STATEMENT

Mr. Coffey applied for disability benefits on January 17, 2008. AR 62. He alleged that he had been disabled since May 1, 2005 by a combination of impairments: sleep apnea; Restless Leg Syndrome; fatigue; and lack of focus. AR 66. The Commissioner denied his application both initially and upon reconsideration. AR 66-69, 72-75. Mr. Coffey timely requested a hearing before an ALJ on June 11, 2008. AR 79-80.

An ALJ conducted a hearing on May 26, 2009, in San Jose, California. AR 20. Mr. Coffey appeared with his attorney, Andrew Shaffer. AR 26. After the hearing, the ALJ sent Mr. Coffey for two post-hearing consultative examinations. A medical examination was performed on June 25, 2009 by Dr. Clark Gable. AR 332-40. Dr. Maria Antoinette Acenas performed a Psychological Consultative Examination on June 12, 2009. AR 328.

On October 3, 2009, the ALJ found that Mr. Coffey was not under a disability at any time from May 1, 2005, the alleged onset date, through June 30, 2007, the date Mr. Coffey was last insured. AR 26. On November 17, 2009, Mr. Coffey filed a request for review of the ALJ's decision. AR 15. As part of the appeal process, counsel for Mr. Coffey submitted the following: a brief (AR 140-44); a supplemental brief (AR 145-48); letters regarding Mr. Coffey's work ethic and work history from lay witnesses Gordon Waugh (AR 150), Robert Lawrence (AR 156), Laurel Griffin (AR 158), Harvey Miller (AR 164), Ron Friedland (AR 168), and Hugh Pouncey (AR 169); and an opinion letter from Dr. Hemalatha Narra, a treating neurologist, discussing Mr. Coffey's Restless Leg

---

[2] The court finds this matter suitable for disposition without oral argument and vacates the hearing on January 17, 2013.

Syndrome.

The Appeals Council denied Mr. Coffey's request for review on January 18, 2011, but did accept seven evidentiary exhibits, including evidentiary submissions by four of the lay witnesses and the letter from Dr. Narra. The Appeals Council ordered that these exhibits were to be made part of the Administrative Record. AR 5-7, 9.

After Mr. Coffey's claim was denied by the Appeals Council, the attorney who had represented Mr. Coffey in the administrative proceedings withdrew. AR 4. On March 18, 2011, the Appeals Council granted Mr. Coffey's request for additional time to file a civil action, extending the time for filing by 60 days. AR 1-3. On March 23, 2011, Mr. Coffey acting in *pro per,* timely sought judicial review under 42 U.S.C. § 405(g). Complaint, ECF No. 1. Tom Weathered appeared as counsel for Mr. Coffey on December 6, 2011.

Both sides moved for summary judgment. Pl.'s Mot., ECF No. 20; Def.'s Cross-Mot. and Opp'n, ECF No. 22. On September 28, 2012, the court granted in part Mr. Coffey's motion and denied Defendant's motion. Summary Judgment Order, ECF No. 35. The court granted in part Mr. Coffey's motion because the ALJ failed to consider Dr. Duckham and Dr. Lum's medical opinions, because the ALJ did not provide specific and sufficient reasons for finding that Mr. Coffey lacked credibility, and because "substantial evidence in the record as a whole supports a finding that Mr. Coffey suffers from severe RLS, and that his RLS and the side effects of the medication he takes to treat this condition are disabling . . . ." *Id.* at 22, 24.

On November 29, 2012, Mr. Coffey moved to recover $5,369.00 in attorney's fees.[3] Weathered Decl., ECF No. 35-1 at 2; *id.* Ex. 2, ECF No. 35-1 at 6. Defendant does not oppose the Mr. Coffey's request for attorney's fees and does not dispute the amount requested. Opp'n, ECF No. 36 at 2. In Reply, Mr. Coffey's counsel filed a supplemental declaration requesting an additional $1,006.00 in attorney's fees or time spent working on the pending motion and estimated time attending the

---

[3] Mr. Coffey's motion for fees did not specify the amount of fees requested and his proposed order mistakenly listed $4,930.00 as the amount requested. *See* Mot., ECF No. 35; Pl.'s Proposed Order, ECF No. 35 at 7-8; Reply, ECF No. 37 at 1 n.1 (explaining error).

hearing.[4] *See* Suppl. Weathered Decl. Ex. 1, ECF No. 37-1 at 3. Instead, the crux of the parties' dispute is over additional terms that Mr. Coffey asks the court to include in its order.

## ANALYSIS

### I. FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be considered a prevailing party eligible to receive an award of attorney fees under the EAJA, the party must have received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H). A claimant who receives a remand order in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Shaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

The burden of proof that the government's position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). First, the defendant must show that "the action or failure to act by the agency" was substantially justified. *Kali*, 854 F.2d at 332. Second, the defendant must show that the government was substantially justified in defending the validity of the civil action. *Id.*

Recoverable fees and expenses include reasonable expenses of expert witnesses, reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing

---

[4] In reply, Mr. Coffey filed another proposed order that requested only $4,930.00 and misnamed the Plaintiff. *See* Proposed Order, ECF No. 37.

party's case, and reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Attorney fees may not be awarded in excess of $125 per hour unless the court determines that a higher fee is justified by either an increase in the cost of living or a special factor (such as the limited availability of qualified attorneys for the proceeding involved). *Id.* Furthermore, a party may recover the filing fee for the action. 28 U.S.C. § 2412(a)(2). The prevailing party has the burden of proof that fees awarded under the EAJA are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).

## II. AWARD OF FEES

For EAJA purposes, Mr. Coffey is the prevailing party in this action because the court granted in part his motion for summary judgment and remanded the case to the Social Security Administration for further proceedings. *Shaefer*, 509 U.S. at 301-02; *Flores*, 49 F.3d at 568. Thus, he should be awarded reasonable attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[5] Defendant does not oppose Mr. Coffey's fee request or the amount requested in the initial motion.[6] Because the government bears the burden of showing that the agency and the government were substantially justified, this concession is dispositive. The court awards fees under the EAJA to Mr. Coffey.

---

[5] Attorney fees and costs are awardable under the EAJA to the prevailing claimant in a case involving review of a denial of Social Security benefits. *See Sullivan v. Hudson*, 490 U.S. 877, 883-85 (1989); *Shalala*, 509 U.S. at 295-97; *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir. 1984). An application for them must be filed within 30 days after the judgment is final and not appealable. 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G). Judgment was entered on November 29, 2011, and it became final on January 28, 2012. Mr. Coffey's application is timely.

[6] Defendant states that it does not oppose the $4,930.00, which is the amount mistakenly requested in Mr. Coffey's proposed order as opposed to the $5,369.00 that he justifies by declaration. *See* Def.'s Proposed Order, ECF No. 36-1 at 2; Weathered Declaration, ECF No. 35-1. The court uses $5,369.00 as the amount.

**III. THE AMOUNT OF REQUESTED FEES**

**A. Mr. Coffey's Claimed Attorney Fee Rates**

Attorney fees may not be awarded in excess of $125 per hour, unless the court determines a higher fee is justified by an increase in the cost of living, or a special factor exists. 28 U.S.C. § 2412(d)(2)(A). Including adjustments for cost of living increases, Mr. Coffey requests fee rates of $180.00 per hour for work done by counsel Tom Weathered during 2011 and $183.00 per hour for work done during 2012. Weathered Decl., ECF No. 35-1 at 2[7]; *id.* Ex. 2, ECF No. 35-1 at 6. Defendant does not challenge the requested fee rates. *See* Opp'n, ECF No. 36 at 2. The court notes that Mr. Coffey's requested fee rates do not exceed the statutory maximum annual fee rates for 2011 or 2012. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (Jan. 7, 2013). Accordingly, the court finds the claimed fee rates to be reasonable.

**B. Mr. Coffey's Claimed Attorney Hours**

Mr. Coffey requests reimbursement of $6,375.00 for 33.1 hours of work plus 2 hours of estimated time for preparing for and attending oral argument. *See* Weathered Decl. Ex. 2, ECF No. 35-1 at 6; Suppl. Weathered Decl. Ex. 1, ECF No. 37-1 at 3. Based on Mr. Weathered's timesheets, it appears that 4.4 hours of this time are attributable solely to briefing the pending motion. Billed at the applicable rates of $183.00, this comes to $1,171.20. As discussed below, the court denies Mr. Coffey's request to require Defendant to give special notice if the Treasury Department decides that the awarded fees are subject to a non-tax offset. Because this was the only disputed issue in the present motion, the court declines to award Mr. Coffey attorney's fees for time spent on this motion. Accordingly, the court reduces the proposed award by $1,171.20 and awards $5,203.80.

---

[7] The Weathered Declaration miscalculates the 2012 attorney's fees request. The line item for 2012 suggests Mr. Coffey seeks a fee award of $2707 based on 13.7 hours at $183/hour. The correct amount is $2507, which is the amount reflected on Mr. Weathered's timesheet, ECF No. 35-1 at 6, and the amount used to calculate the $5,369.00 total requested in the initial motion.

### III. TERMS OF THE FEE AWARD

**A. Payment Should Be Made Directly to Mr. Coffey's Attorney**

Mr. Coffey requests that the payment of attorney fees be made directly to his attorney based on a fee assignment. Motion for Fees, ECF No. 35 at 6; Weathered Decl. Ex. 1, ECF No. 35-1 at 3-4.[8] Defendant does not object to the validity of the Coffey's assignment to Mr. Weathered. Opp'n, ECF No. 36 at 4. In *Astrue v. Ratliff*, the United States Supreme Court "resolved a longstanding circuit split on the question of whether fee awards under EAJA were payable to the party or the attorney by holding that EAJA awards are to be paid to the prevailing litigant." *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011) (citing *Astrue v. Ratliff*, 130 S.Ct. 2521, 2525-29 (2010)). The Supreme Court based its decision, in part, on the specific language in EAJA directing payments to the "prevailing party, which is a 'term of art' that refers to the prevailing litigant." *Ratliff*, 130 S.Ct. at 2525. But as the Ninth Circuit has explained:

> The Court's decision in *Ratliff* did not stop there, however. It went on to highlight the absence of language in EAJA explicitly directing fees to attorneys. Comparing EAJA with a provision in the Social Security Act making fee awards payable "to such attorney," *see* 42 U.S.C. § 406(b)(1)(A), the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in EAJA, it would not interpret EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Ratliff*, 130 S.Ct. at 2527–28. As the Court noted, Congress "knows how to make fees awards payable directly to attorneys where it desires to do so." *Id.* at 2527.
>
> Ratliff counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed. *Id.*

*$186,416.00 in U.S. Currency*, 642 F.3d at 755-56. Courts in this district are divided on whether a

---

[8] Mr. Coffey's counsel attached to his declaration a copy of the retainer agreement between him and Mr. Coffey. Weathered Decl. Ex. 1, ECF No. 35-1 at 3. That agreement states: "Client understands that any fee for services provided in proceedings before the Federal District Court will be paid by the Social Security Administration, as ordered by the Court pursuant to the Equal Access to Justice Act. Client hereby acknowledges and agrees that any and all fees awarded under to [*sic*] the Equal Access to Justice Act are the property of attorney, by reason of the legal services provided by attorney to client; and assigns all such fees to attorney and agrees that said fees are the property of attorney and may be paid directly to the attorney, whether awarded by the Court or agreed to by stipulation."

valid assignment alters the general rule that fees are awarded to the party. *Compare*, *Smith v. Astrue*, No. C 10–4814 PJH, 2012 WL 3114595, at *5-6 (N.D. Cal. July 31, 2012) (ordering fees to be paid directly to plaintiff, regardless of fee assignment), *with Palomares v. Astrue*, No. C-11-4515 EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) (awarding fees to be paid directly to plaintiff's counsel, "subject to any administrative offset due to [plaintiff's] outstanding federal debt, if any exists"). Here, Defendant does not object to the assignment and the court agrees with the *Palomares* court's reading of *Ratliff* as "confirm[ing] the common practice that an EAJA fee award is payable to the litigant and not the attorney unless the party does not owe a debt to the government and assigns the right to receive fees to the attorney." *Palomares*, 2012 WL 6599552, at *9. Here, Mr. Coffey has assigned the right to receive fees to Mr. Weathered. The court, therefore, directs that the attorney's fees awarded, subject to any debt offset, shall be paid directly to Mr. Weathered.

**B. Notice of the Claimed Offset**

Mr. Coffey requests the court's order include the sentence: "The Commissioner shall notify Plaintiff and his attorney within 21 days of this order if it contends that Plaintiff has debt which qualifies for an offset against the awarded fees, as well as the basis for that contention." Pl.'s Amended Proposed Order, ECF No. 37 at 5. Defendant responds that is "does not, and will not, contend anything regarding offset or debt." Opp'n, ECF No. 36 at 3. Instead, Defendant objects to this requirement because it seeks relief that can be provided only by the Department of Treasury, not the Commissioner of Social Security. Opp'n, ECF No. 36 at 2. Defendant explains that it will ask the Treasury Department to release a check for EAJA attorney fees in the amount awarded by the court. *Id.* at 3. Once it does so, the Treasury Department "will offset that check by any non-tax debt that Plaintiff owes. Such offset falls within the sole purview of Treasury, and the Commissioner has no control over such an offset." *Id.* at 3-4. Defendant explains that Plaintiff can submit a request to the Treasury Department if he wants information about any such debts. *Id.* at 3.

In *Palomares*, Judge Chen declined to include identical language in a motion filed by Mr. Coffey's counsel. *See* 2012 WL 6599552, at *9-10.

> Mr. Palomares is requesting an order requiring the Commissioner to disclose if it contends that Mr. Palomares has debt that qualifies for an offset against the awarded fees, as well as a basis for that contention. (*See* Pl.'s Proposed Order, Docket No. 26–4, at 2.) This language

C 11-01380 LB (ORDER)
8

> comes from a case called *Bender v. Astrue,* No. C 10–05333–MR, 2012 WL 113357, at *4 (N.D. Cal. Jan.12, 2012), in which the court ordered the Commissioner to notify the Plaintiff within twentyone days if the Commissioner contended there was debt to offset the award. The court in *Bender* did not cite any legal authority for issuing this order. *See Id.* Mr. Palomares is essentially seeking notice of any claimed offset and argues that if the Commissioner is going to use an offset by the Treasury Department to excuse payment, that Mr. Palomares is entitled to proper notice and an opportunity to defend such offset. (Pl.'s Reply 6.) Mr. Palomares further contends that he has already assigned this award to counsel without being notified of any offset. (*Id.*
>
> There is no law stating that the Court must order the Commissioner to notify a plaintiff of an offset. Under 31 U.S.C. § 3716, the head of an administrative agency may collect a debt by administrative offset only after giving the debtor written notice. 31 U.S.C. § 3716(a)(1). In *Astrue v. Ratliff,* the Social Security Administration notified the Plaintiff of an offset according to § 3716. 130 S. Ct. 2521, 2522 (2010). In *McCarty v. Astrue,* the Treasury Department sent Plaintiff notice of its intent to collect a debt by offsetting the EAJA award. 505 F. Supp. 2d 624, 632 (N.D. Cal. 2007). The court in *McCarty* held that Plaintiff's due process rights were not violated by Defendant's failure to give notice that Plaintiff's EAJA award was eligible for an offset. *Id.* There is no dispute that notice must be given under § 3716 before an EAJA award can be offset. Since § 3716 applies, the Court declines to order the Commissioner to give special notice within twentyone days if it contends the awarded EAJA amount is subject to an offset.

*Id.* The court agrees with the *Palomares* court's reasoning and follows it here. Accordingly, the court declines to order Defendant to give special notice if the Treasury Department imposes an offset.

## CONCLUSION

Based on the foregoing, Mr. Coffey's motion for attorney's fees is **GRANTED IN PART**. The court awards Mr. Coffey attorney fees under EAJA in the amount of $5,203.80. This award will be paid to Mr. Coffey's counsel.

This disposes of ECF No. 35.

**IT IS SO ORDERED.**

Dated: January 8, 2013

_____
LAUREL BEELER
United States Magistrate Judge